**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RONALD SATISH EMRIT,**

    **Plaintiff,**
vs.                                   **Case No. 1:23-cv-00085-AW-MAF**

**ATT'Y KARA PRATT OF
HILLSBORO, TEXAS;
et al.,**

    **Defendants.**
_____/

## **ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, Ronald Satish Emrit, a non-prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act. ECF No. 1. Plaintiff is no stranger to the federal courts and routinely files multiple, identical lawsuits in various jurisdictions at the same time, as he has done here.[1] Repeatedly, courts have directed Plaintiff on the proper course of pleading and advised Plaintiff that the filing of duplicative cases is an abuse

---

[1] Plaintiff is a vexatious litigant who initiated over 600 cases in federal courts, including appellate courts, across the country. A search of PACER confirms Plaintiff filed cases in thirty-six states: Alaska, Alabama, Arkansas, California, Connecticut, District of Columbia, Delaware, Florida, Georgia, Hawaii, Iowa, Idaho, Iowa, Illinois, Indiana, Kansas, Louisiana, Massachusetts, Maryland, Maine, Missouri, Montana, North Carolina, Nebraska, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin, West Virginia, and Wyoming.

of the judicial process.

Plaintiff did not pay the $402 filing fee but submitted a motion to proceed *in forma pauperis* (IFP). ECF No. 3. Plaintiff's IFP motion is **GRANTED**. The complaint has now been reviewed as required by 28 U.S.C. § 1915A. For the reasons stated, this case should be dismissed as malicious.

## I.  Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff's complaint is no model of clarity. This complaint fails to comport with the Rules governing this proceeding. It is not on the proper form. ECF No. 1. Plaintiff sued five defendants, all of whom are in Texas: Attorney Kara Pratt; the Texas Bar; the Texas Supreme Court; the chief disciplinary counsel in Austin, Texas; and the Board of Disciplinary Appeals

in Austin, Texas. Plaintiff maintains that jurisdiction and venue are proper in this Court based on diversity and a federal question presented.[2] Id., p. 5. Plaintiff resides in Sarasota, Florida.

As best can be determined, Plaintiff alleges that he wrote a letter on behalf of Sheila Darlene Buckaloo in Texas, which is part of a case before the Eleventh Circuit Court of Appeals in Atlanta. Id., p. 6. Plaintiff learned from Buckaloo that Attorney Pratt was showing pictures of him in a courtroom, which he maintains is hearsay. Id. Plaintiff asserts numerous causes of action alleging invasion of privacy, defamation, negligence, intentional infliction of emotional distress, constitutional violations, and violations of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964. Id., pp. 6-9. The only remedy Plaintiff seeks is an injunction requiring Defendants to recognize that he met Buckaloo only once at Arlington Memorial Hospital in Arlington Texas. Id., p. 10.

The complaint is not on the proper form, is a shotgun pleading, is filed in the wrong venue, and likely fails to state a claim. Ordinarily, a plaintiff would be granted an opportunity to amend; however, because this case represents a gross abuse of the judicial process, the courtesy should not be

---

[2] The case style names the United District Court for the Northern District of Florida, but, in the complaint, states the "District of Northern Georgia."

extended; and the Court should dismiss this case.

## III.   Discussion

### A. Venue

It appears that Plaintiff has filed this case in the wrong venue. Venue is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; . . .

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court may raise the issue of defective venue *sua sponte* but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010).

Here, there is no allegation connecting the events or the parties to the Northern District of Florida. Defendants are in Texas; and Plaintiff resides in Sarasota. Venue is likely proper in the Middle District of Florida, where

Plaintiff resides. See 28 U.S.C. § 89(c). Defendants are in Hill County and Travis County, which are in the Western District of Texas; thus, venue is also proper there. 28 U.S.C. § 124(d)(1), (2). However, Plaintiff already has identical, pending lawsuits in the Western District of Texas: Emrit v. Pratt, et al., W.D. Tx. No. 6:23-cv-00207-ADA-DTG and Emrit v. Pratt, et al., W.D. Tx. No. 6:23-cv-00201-ADA-DTG. Rather than burden the Western District of Texas with a third, duplicative case, or the Middle District of Florida when identical matters are pending in Texas, dismissal and is appropriate.

### B. Duplicative Cases are Malicious and Warrant Dismissal

As stated above, Plaintiff filed hundreds of cases in federal courts. Numerous federal courts, including this Court, have advised Plaintiff on the proper way to proceed in federal cases and warned dismissal is an appropriate sanction for duplicate cases. See Emrit v. Universal Music Group, Island, et al., D. Alaska Case No. 5:19-cv-00009-RRB, ECF No. 6; Emrit v. Jules, N.D. Fla. No. 4:23-cv-00008-WS-MAF; Emrit v. University of Miami School of Law, et al., N.D. Fla. No. 1:23-cv-00047-AW-MAF.

This case is subject to dismissal as a sanction for Plaintiff's abuse of the judicial process. The federal courts have certain implied powers including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32 (1991). The

Eleventh Circuit has held that duplicative cases qualify for dismissal as malicious under § 1915(e)(2)(B). See Daker v. Ward, 999 F.3d 1300, 1305-06 (11th Cir. 2021) (dismissing prisoner case—as an abuse of the judicial process and malicious--where he made the same or substantially similar challenges in two other active federal cases against many of the same defendants).

Plaintiff simultaneously initiated this case and others in the Southern District of Florida, the Eastern District of Texas, Southern District of Texas, the Eastern District of Louisiana, the Middle District of Tennessee, and the Northern District of Georgia.[3] As stated, two identical cases remain pending in the Western District of Texas. Still, another identical case remains pending in the Southern District of Florida. See Emrit v. Pratt, et al., S.D. Fla. No. 1:23-cv-21315-JEM. Ignoring the warnings from the courts, Plaintiff continues to litigate the same claims against these defendants in multiple cases in multiple jurisdictions at the same time, which is a gross abuse of the judicial process. Dismissal is an appropriate sanction.

---

[3] The Eastern District of Louisiana transferred Case No. 2:23-cv-00943 to the Western District of Texas which assigned it Case No. 6:23-cv-002010-ADA-DTG. The Middle District of Tennessee transferred Case No. 3:23-cv-00227 to the Western District of Texas, which assigned it Case No. 6:23-cv-00207-ADA-DTG.

Case No. 1:23-cv-00047-AW-MAF

## IV. Conclusion and Recommendation

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 3, is **GRANTED**. The remainder of the case is deferred to the presiding judge with the recommendation below.

2. For the reasons stated, and pursuant to 28 U.S.C. § 1406(a), it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for improper venue and because it is a gross abuse of the judicial process. It is further recommended that the case be closed.

**IN CHAMBERS** at Tallahassee, Florida on April 7, 2023.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).